<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 29, 2021

Richard M. Winograd, Esq.
Robert H. Baumgarten, Esq.
Ginarte Gallardo Gonzalez Winograd, LLP
400 Market Street
Newark, NJ 07105
*Attorneys for Plaintiffs*

Jeffrey Schreiber, Esq.
Meister Seelig & Fein LLP
2G Auer Court
Williamsburg Commons
East Brunswick, NJ 08816
*Attorney for Defendant*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

 **Re:** ***Martinez et al. v. Union Officine Meccaniche S.p.A. et al.***
    **Civil Action No. 20-7327 (SDW) (LDW)**

Counsel:

   Before this Court is Defendant Union Officine Meccaniche S.p.A.'s ("Defendant") Motion to Dismiss Plaintiffs Roberto Martinez Guzman ("Mr. Guzman") and Miguelina Martinez's ("Ms. Martinez") (collectively, "Plaintiffs") Complaint (D.E. 1-1) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1441, respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's motion is **GRANTED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

   The Complaint alleges that Mr. Guzman suffered injuries while he was using a plastic laminating machine "designed, manufactured, assembled, marketed, repaired, serviced, maintained, modified, installed, sold, leased and/or distributed" by Defendant, a foreign corporation with its principal place of business in Milan, Italy. (Compl. at 1 ¶¶ 1, 2; 2 ¶ 2.)

Notably, the Complaint provides two different days for the date of the accident: May 20, 2019, and June 26, 2018.  (*See id.* at 1 ¶ 1, 2 ¶ 2.)  The Complaint does not allege how or where Mr. Guzman's accident occurred, although it presumably occurred while he was working as an employee of Primex Plastics Corporation ("Primex") in Garfield, New Jersey.  (*See id.* at 1 ¶ 1.)  Nor does it allege the relationship between Mr. Guzman and Ms. Martinez—in fact, the Complaint does not allege any facts regarding Ms. Martinez aside from her address.  (*See id.* at 1.)

Plaintiffs filed this suit in the Superior Court of New Jersey, Law Division, Essex County on November 8, 2019.  (*See id.*)  Defendant removed the suit to this Court on June 16, 2020.  (D.E. 1.)  The Complaint alleges five counts: strict liability for the manufacture, distribution, and/or lease of a defective product pursuant to the New Jersey Product Liability Act ("NJPLA"), N.J.S.A. 2A:58C-1 *et seq.* (Count I); breach of express and implied warranties (Count II), common law negligence in the manufacture, distribution, and/or lease of a defective product (Count III), common law negligence in installation, maintenance, repair, and/or modification (Count IV), and negligent inspection (Count V).  (Compl. at 2–6.)  Defendant subsequently filed the instant motion to dismiss and briefing was timely completed.  (D.E. 10, 13, 14.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(2)

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law.  *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).  New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution."  *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986) (quotation omitted); N.J. Ct. R. 4:4–4.  Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quotation omitted).

The court can assert either general or specific jurisdiction over a defendant that has minimum contacts with the forum.  *Bristol-Myers Squibb Co. v. Super. Ct. Cal.*, 137 S. Ct. 1773, 1780 (2017).  "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Specific jurisdiction is established through a minimum contacts analysis.  *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *O'Connor*, 496 F.3d at 316.  In the Third Circuit, proving specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[ ] with fair play and substantial justice."  *Id.* at 317 (quotations and citations omitted).  "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant."

*Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985)).

When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). However, "when the court does not hold an evidentiary hearing on the motion," "the plaintiff need only establish a prima facie case of personal jurisdiction" and "is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Chernus v. Logitech, Inc.*, Civ. No. 17-673, 2018 WL 1981481, at \*3 (D.N.J. Apr. 27, 2018) (citing *Miller Yacht Sales*, 384 F.3d at 97); *see Carteret Sav. Bank*, 954 F.2d at 142 n.1.

### B.    Rule 12(b)(6)

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

### A.    Personal Jurisdiction

Plaintiffs concede that this Court lacks general jurisdiction over Defendant and argue that specific jurisdiction exists because Defendant sold the defective machine to Primex and Defendant's "representatives" traveled to New Jersey to assist in its assembly and installation, as well as to train Primex employees on how to use it. (*See* D.E. 13 at 8, 10–11; D.E. 13-1 (Declaration of Mr. Guzman) ¶¶ 4, 5.) Notably, neither the Complaint nor Mr. Guzman's declaration identifies these representatives or the nature of their relationship to Defendant. Nor does Mr. Guzman's declaration state the basis of his knowledge that these visits occurred.

Furthermore, Plaintiffs do not assert a connection between these visits and the alleged defect that led to Mr. Guzman's injury.[1] Thus, even if this Court considered the visits to Primex

---

[1] As discussed below, only Count I (alleging defective design, warning, or manufacture under the NJPLA) will survive Defendant's Rule 12(b)(6) motion.

to be evidence that Defendant "purposefully directed [its] activities at the forum," Plaintiffs have not shown that the "the litigation [] arise[s] out of or relate[s] to at least one of those activities." *O'Connor*, 496 F.3d at 317 (quotations omitted); *see D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d Cir. 2009) (affirming dismissal for lack of personal jurisdiction where defendant sent two employees to Pennsylvania, but plaintiffs did not "allege that their claims ar[o]se out of or relate[d] to these direct contacts within Pennsylvania" (quotation omitted)).

Conversely, Defendant's CEO has submitted a declaration asserting that Defendant has never marketed or advertised its products in New Jersey or otherwise "targeted" New Jersey or its residents for business. (*See* D.E. 10-2 (Declaration of Passoni Ferdinando) ¶¶ 16, 18.)  Defendant has designed and manufactured all of its products in Italy since 1950 and has never been sued in the United States. (*Id.* ¶¶ 19, 39.)  Over the past decade, approximately 5% of Defendant's total worldwide sales have been in the United States, with none of that revenue coming from New Jersey. (*Id.* ¶ 40.)  Nonetheless, Defendant admits that it sold a plastic "calender" machine to Primex in 2016 that was installed in New Jersey and may be the subject of this lawsuit. (*Id.* ¶¶ 25, 30, 37.)  Defendant did so under an agreement that any disputes would be resolved in the Court of Milan under Italian law, an agreement it has in place for every product sold in the United States. (*Id.* ¶¶ 27, 28.)  Defendant does not consider the revenue from this sale to be derived from New Jersey as Primex is an Indiana-based company with facilities in multiple states, and Primex could have installed the calender in any of those states. (*Id.* ¶¶ 26, 41.)

This Court finds that the information provided by the parties is insufficient for this Court to determine whether it has personal jurisdiction over Defendant, and this Court declines to rule on Defendant's Rule 12(b)(2) motion at this time.  For the reasons discussed below, this Court will dismiss the Complaint under Rule 12(b)(6) with leave to amend Count I.  Plaintiffs should also include in any amended complaint sufficient facts to support personal jurisdiction over Defendant, including specifics regarding Defendant's representatives' visits to New Jersey, the connection between those visits and Plaintiffs' claims, and the basis for Plaintiffs' knowledge.  At the very least, Plaintiffs should "present[] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *Toys "R" Us, Inc. v. Step Two S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quotation and brackets omitted) (stating the standard for jurisdictional discovery); *see Goodman v. Harry Fox Agency*, 2003 WL 25269381, at *4 (D.N.J. Dec. 30, 2003) (granting defendants' Rule 12(b)(6) motions and declining to rule on Rule 12(b)(2) motions due to "lack of information," and instructing plaintiff to "set forth the basis for asserting personal jurisdiction in New Jersey" in any proposed amended complaint).[2]

---

[2] Defendant may refile its motion to dismiss under Rule 12(b)(2) if Plaintiffs amend their complaint.

### B.    Failure to State a Claim[3]

#### 1.    *Count I (NJPLA)*

Under the NJPLA, a product manufacturer or seller is liable if "the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: [a] deviated from the design specifications, formulae, or performance standards of the manufacturer . . ., or [b] failed to contain adequate warnings or instructions, or [c] was designed in a defective manner." N.J.S.A. 2A:58C-2. Plaintiffs assert liability under each of these three theories—manufacturing defect, warning defect, and design defect. (Compl. at 2 ¶ 3.) "[T]o prove a defect, a plaintiff must show four elements: (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; (3) the defect proximately caused injuries to the plaintiff; and (4) the injured plaintiff was a reasonably foreseeable user." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 823 (D.N.J. 2019) (citing *Myrlak v. Port Auth. of New York & New Jersey*, 157 N.J. 84, 97 (N.J. 1999)).

Here, the Complaint provides no information regarding any type of defect. The only relevant facts alleged are the date of the injury (of which there are two, eleven months apart) and the serial number of Defendant's plastic laminating machine. (*See* Compl. at 1 ¶ 1, 2 ¶ 2.) The Complaint is factually silent as to the nature of any defect, the nature of Mr. Guzman's injuries, and how the injuries occurred.[4] The Complaint does not allege, for example, that the product "deviated from [a] design specification" or was somehow different from "the same product as manufactured according to the manufacturer's standards." *Hindermyer*, 419 F. Supp. 3d at 824, 826–27 (quotations omitted) (dismissing manufacturing defect claim). It does not allege "that the product's risk of harm outweighs its utility, or that an alternate design exists." *Tafaro v. Six Flags Great Adventure, LLC*, Civ. No. 17-5607, 2018 WL 1535289, at *10 (D.N.J. Mar. 29, 2018) (quotation and brackets omitted) (dismissing design defect claim). Nor does it allege "what warning was provided, what warning would have been provided by a reasonably prudent person in the same circumstances, or even what was the nature of the danger posed by [the product] for which warning was required." *Id.* at *11 (dismissing warning defect claim).[5] Because the Complaint itself provides "no factual allegations supporting a claim of a design defect,

---

[3] In granting Defendant's 12(b)(6) motion, made in the alternative, this Court "assume[s], without prejudice, that personal jurisdiction is present." *Goodman*, 2003 WL 25269381, at *4.

[4] The Complaint's allegations regarding Mr. Guzman's injuries are entirely conclusory. (*See, e.g.*, Compl. at 3 ¶ 5 (alleging, *inter alia*, that Mr. Guzman "sustained severe and permanent personal injuries of body, mind and emotion, endured excruciating pain-and-suffering, became disabled and impaired, [and] incurred liabilities for medical care").)

[5] Plaintiffs attempt to cure the Complaint's factual deficiencies by asserting new facts in a declaration. (*See* D.E. 13-1.) Generally, a court may only consider the contents of the complaint on a Rule 12(b)(6) motion to dismiss. Although the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment, that material is generally limited to documents "*integral to or explicitly relied upon* in the complaint." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (quotation omitted). Mr. Guzman's declaration, filed in response to Defendant's motion to dismiss, is not such a document and this Court will therefore not consider it for Rule 12(b)(6) purposes.

manufacturing defect, or failure to provide adequate warning," *see id.*, Count I will be dismissed with leave to amend.[6]

### 2. *Counts II–V (Breach of Warranties and Negligence)*

As Plaintiffs mostly concede in their opposition brief, (D.E. 13 at 4), their breach of implied warranty and negligence claims (Count II in part and Counts III–V) are subsumed by their NJPLA claim. *See Hindermyer*, 419 F. Supp. at 814 (dismissing plaintiff's negligence and breach of implied warranty claims with prejudice, "as those claims are subsumed by the NJPLA"). Plaintiffs also do not defend their breach of express warranty claim (the remainder of Count II), nor does the Complaint allege any of the elements necessary to plead such a claim. *See Sich v. Pfizer Pharm.*, Civ. No. 17-2828, 2017 WL 4407930, at *3 (D.N.J. Oct. 4, 2017) (dismissing breach of express warranty claim where plaintiffs did not plead "(1) that [d]efendant made an affirmation, promise, or description about the product; (2) that this affirmation, promise, or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description" (citations omitted)). This Court will therefore dismiss Counts II–V with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is **GRANTED**. Plaintiffs shall have thirty (30) days to file an amended complaint with respect to their NJPLA claims only, and to allege facts in support of this Court's personal jurisdiction over Defendant. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.

---

[6] As Plaintiffs state in their opposition brief, (D.E. 13 at 17), the NJPLA subsumes "any loss of consortium" claim that Ms. Martinez may have. *See* N.J.S.A 2A:58C-1(b)(2). However, having a claim is not the same as asserting it, and the Complaint does not mention "loss of consortium." Nor does the Complaint allege any facts regarding Ms. Martinez's injuries or her relationship with Mr. Guzman. This Court will grant Plaintiffs an opportunity to allege the claim and any facts in support in an amended complaint.