<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERTO C. MARTINEZ GUZMAN and MIGUELINA MARTINEZ,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNION OFFICINE MECCANICHE S.P.A., ABC CORP. Nos. 1-5, and JOHN DOES Nos. 1-5,<br><br>　　　　　　Defendants. | Civil Action No. 20-7327 (SDW) (LDW)<br><br>**OPINION**<br><br>January 31, 2022 |

**WIGENTON**, District Judge.

　　　Before this Court is Defendant Union Officine Meccaniche S.p.A.'s ("Defendant") Motion to Dismiss Plaintiffs Roberto C. Martinez Guzman ("Mr. Guzman") and Miguelina Martinez's ("Ms. Martinez") (collectively, "Plaintiffs") Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Also before this Court is Plaintiffs' Motion for Sanctions pursuant to Rule 11. Subject matter jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1441, respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED** for lack of personal jurisdiction and Plaintiffs' Motion for Sanctions is **DENIED**.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

　　　The Amended Complaint alleges that Mr. Guzman suffered injuries while he was using a "plastic calend[e]r machine . . . that processed plastic pellets" and was "designed, manufactured,

assembled, marketed, repaired, serviced, maintained, modified, installed, sold, leased, and/or distributed" by Defendant, a foreign corporation with its principal place of business in Milan, Italy. (D.E. 22 ("Am. Compl.") at Parties ¶ 2; First Count ¶¶ 2–3.)[1] Mr. Guzman alleges that while he was working at Primex Plastics Corporation ("Primex") in Garfield, New Jersey, and cleaning the plastic calender machine, "he became entrapped by a pinch point between two rollers, causing him to become seriously injured." (Am. Compl. at Preliminary Statement ¶ 1; First Count ¶¶ 2, 6.)

Plaintiffs filed this suit in the Superior Court of New Jersey, Law Division, Essex County on November 8, 2019. (*See* D.E. 1-1.) Defendant removed the suit to this Court on June 16, 2020. (D.E. 1.) The Complaint asserted one count under the New Jersey Product Liability Act ("NJPLA"), N.J.S.A. 2A:58C-1 *et seq.*, and four counts under common law. (*See* D.E. 1-1.) Defendant subsequently moved to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim. (D.E. 10.) On January 29, 2021, this Court dismissed Plaintiffs' common law claims with prejudice and granted Plaintiffs leave to amend "their NJPLA claims only." (D.E. 15 (January 29, 2021, Letter Opinion ("Letter Opinion")) at 6.) In the same Letter Opinion, this Court held that it lacked sufficient information to determine whether it had personal jurisdiction over Defendant and instructed Plaintiffs to "include in any amended complaint sufficient facts to support personal jurisdiction over Defendant, including specifics regarding Defendant's representatives' visits to New Jersey, the connection between those visits and Plaintiffs' claims, and the basis for Plaintiffs' knowledge." (*Id.* at 4.) This Court also advised "Defendant [that it] may refile its motion to dismiss under Rule 12(b)(2) if Plaintiffs amend their complaint." (*Id.* at 4 n.2.)

---

[1] Because the Amended Complaint repeats paragraph numbers, sometimes on the same page, this opinion's paragraph citations to the Amended Complaint include both the section heading and paragraph number.

Following jurisdictional discovery, Plaintiffs filed the Amended Complaint, asserting that Defendant violated the NJPLA by way of defective design (Count I); violated the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2, by way of defective warnings (Count II); and caused Mr. Guzman's wife, Ms. Martinez, to suffer a loss of consortium (Count III). (Am. Compl. at 7–10.) Defendant subsequently moved to dismiss the Amended Complaint for lack of personal jurisdiction and for failure to state a claim. (D.E. 28, 29.) Plaintiffs thereafter filed their opposition brief and a motion for sanctions. (D.E. 34, 39.) Defendant then filed a reply brief in support of its motion to dismiss and a brief in opposition to the motion for sanctions, completing briefing on November 1, 2021. (D.E. 40, 43.)

## II.   LEGAL STANDARDS[2]

### A.   Rule 12(b)(2)

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986) (quotation omitted); N.J. Ct. R. 4:4–4. Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quotation omitted).

---

[2] Because this Court will grant Defendant's motion pursuant to Rule 12(b)(2), this opinion omits the legal standard that applies to Rule 12(b)(6).

3

The court can assert either general or specific jurisdiction over a defendant that has minimum contacts with the forum. *Bristol-Myers Squibb Co. v. Super. Ct. Cal.*, 137 S. Ct. 1773, 1780 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Specific jurisdiction is established through a minimum contacts analysis. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *O'Connor*, 496 F.3d at 316. In the Third Circuit, proving specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[ ] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985)).

When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). However, "when the court does not hold an evidentiary hearing on the motion," "the plaintiff need only establish a prima facie case of personal jurisdiction" and "is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Chernus v. Logitech, Inc.*, Civ. No. 17-673,

2018 WL 1981481, at *3 (D.N.J. Apr. 27, 2018) (citing *Miller Yacht Sales*, 384 F.3d at 97); *see Carteret Sav. Bank*, 954 F.2d at 142 n.1.

**B.     Rule 11**

Rule 11 "imposes on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 551 (1991).  A motion for Rule 11 sanctions must be "made separately from any other motion," and it must be served but not "filed or . . . presented to the court if the challenged [action] is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2); *see Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 124 (3d Cir. 2012).

The Third Circuit has reiterated that the well-established legal standard to evaluate conduct alleged to have violated Rule 11 is "reasonableness under the circumstances" which remains "within the sound discretion of the District Court." *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008).  Reasonableness is "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Prods. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (internal quotations omitted). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Id.* (internal quotations omitted).  "Courts . . . have denied sanctions where the law and facts, even if not adopted by the court, are ambiguous and could be reasonably interpreted in more than one way." *In re Cendant Corp. Derivative Action Litig.*, 96 F. Supp. 2d 403, 405 (D.N.J. 2000) (citing *Ford Motor*, 930 F.2d at 289–90).

### III. DISCUSSION

#### A. Personal Jurisdiction

Although Plaintiffs initially conceded that this Court lacks general jurisdiction over Defendant, Plaintiffs now contend that this Court has both general and specific jurisdiction. (*See* Am. Compl. at 2; D.E. 34 at 11–20.) "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires*, 564 U.S. at 919. That is clearly not the case here, where Defendant is an Italian corporation with its sole place of business in Milan, with all of its employees in Milan, and without property, a place of business, a bank account, a registered agent for service of process, or a history of tax payments in New Jersey. (*See* D.E. 31 (Declaration of Ferdinando Passoni, Defendant's CEO and President ("Passoni Decl.")) ¶¶ 4–13.) Defendant does not have ongoing contractual relationships with any New Jersey entity and does not derive substantial revenue from goods used or consumed in New Jersey. (*See id.* ¶¶ 14, 16.) Exercising general jurisdiction is therefore inappropriate. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1023–24 (2021) (finding general jurisdiction over Ford only where it was incorporated and headquartered, and not in other states where it had dozens of dealerships, advertised to consumers, and supplied parts).

To prove specific jurisdiction, Plaintiffs must establish that Defendant "purposefully directed [its] activities at the forum," that "the litigation [] arise[s] out of or relate[s] to at least one of those activities," and, if the first two requirements are met, that the exercise of jurisdiction "otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks, brackets, and citations omitted). As Plaintiffs correctly state in their opposition

brief, following jurisdictional discovery, "[t]he plaintiffs must establish 'jurisdictional facts through sworn affidavits or other competent evidence.'" (D.E. 34 at 11 (quoting *Miller Yacht Sales*, 384 F.3d at 101 n.6).) However, Plaintiffs failed to do that here, relying on exhibits that have questionable evidentiary value and which they attached to their opposition brief instead of a declaration identifying the exhibits. (*See* D.E. 34-1 ("Pl. Ex.").)[3] Nor did Plaintiffs follow the Local Civil Rules, which require parties to double-space their briefs and abide by strict page limits unless they receive prior permission from the Court. *See* L. Civ. R. 7.2(b) and (d). Instead, Plaintiffs exceeded the page limit on their opposition brief by improperly using single-spacing on almost a dozen pages to summarize caselaw and assert their jurisdictional "STATEMENT OF FACTS"—facts that they should have included in their Amended Complaint, as this Court instructed in its Letter Opinion. (*See* D.E. 34 at 3–11, 25–26; Letter Opinion at 4.) However, even accepting Plaintiffs' "STATEMENT OF FACTS" as true, this Court is not persuaded that Plaintiffs have met their burden to establish that the Court has specific jurisdiction over Defendant.

Plaintiffs argue that jurisdiction is proper because Defendant sent several representatives from Italy to New Jersey on multiple occasions, including Defendant's President on one occasion. (*See* D.E. 34 at 4–11; Am. Compl. at Personal Jurisdiction ¶¶ 7–26.) While here, Defendant's employees worked at Primex's New Jersey facility for weeks at a time, primarily providing technical support and training for the calender machine at issue and reporting back to Italy with updates on their work. (*See* D.E. 34 at 4–11; Am. Compl. at Personal Jurisdiction ¶¶ 7–26.)

---

[3] Plaintiffs' submission at D.E. 34-1 consists of four exhibits marked A–D. As Defendant points out, Exhibit A is an assortment of 159 pages produced by Primex that are not identified as true and correct copies of any particular documents. Exhibits B and C consist of: (1) deposition transcripts of Primex employees that are not signed, despite the witnesses' counsel representing that the witnesses "will read and sign," (Pl. Ex. B at 95:23–24; Pl. Ex. C at 53:10–11); and (2) deposition exhibits that are not true and correct copies and that do not bear the exhibit markers applied at the depositions. Exhibit D contains a declaration from Mr. Guzman that purports to attach two exhibits that are not attached. (Pl. Ex. D ¶¶ 1, 17.)

Plaintiffs specifically contend that Defendant's representatives "were physically on-site at Primex in Garfield, New Jersey" for "a total of 59 full work days . . . between March 29, 2017 and the date of [Mr. Guzman's] accident on May 20, 2019," during which time they "provid[ed] assistance with the operation and maintenance of the [machine] that is the subject of this case." (D.E. 34 at 10–11; Am. Compl. at Personal Jurisdiction ¶ 25.) Notably, Defendant's representatives allegedly trained Mr. Guzman on how to use the machine and communicated with Aaron Putnam, Primex's Garfield Plant Manager, to provide technical support. (*See* Pl. Ex. C. (Deposition of Oswaldo Aponte, Primex's Garfield Plant Assistant Supervisor) at 14:16–19; Am. Compl. at Personal Jurisdiction ¶¶ 7–26.)

Despite these contacts, it is not clear that Defendant purposely targeted New Jersey. Defendant has never advertised its products in New Jersey, has no regular business in the state, and has designed and manufactured all of its products in Italy since 1950. (*See* Passoni Decl. ¶¶ 16–19.) Over the past decade, approximately 5% of Defendant's worldwide sales revenue has been from the United States, with none of that revenue coming from New Jersey. (*Id.* ¶ 43.) Defendant has manufactured approximately 700 calenders since 1950 and is not aware of any of them being used in New Jersey except the calender at issue in this lawsuit. (*Id.* ¶¶ 22, 44.) Plaintiffs give great weight to their assertion that Defendant "discussed the potential sale of [a] piece of machinery with a customer it knew would use it in New Jersey," referring to a conversation between Mr. Putnam and Richard Donnell, an independent sales agent or distributor who is based in the United Kingdom and who is not Defendant's employee. (D.E. 34 at 15; *see* Passoni Decl. ¶ 5.) However, according to Plaintiffs' own evidence, Mr. Putnam and Mr. Donnell did not know that the calender would be used at Primex's New Jersey facility (as opposed to one or more of Primex's other facilities in Indiana, Wisconsin, Georgia, Tennessee, and Nevada), and

8

Mr. Putnam was not involved in negotiating the purchase. (*See* Pl. Ex. B (Deposition of Aaron Putnam ("Putnam Dep.")) at 16:13–19, 26:6 – 27:6, 86:14–25, 92:1–11.) Instead, Defendant negotiated the purchase with Primex's President and Vice President of Operations, who were based in Primex's Indiana headquarters along with Primex's purchasing department. (*See id.* at 16:13–19, 87:2–25, 88:21–22; Passoni Decl. ¶¶ 27–28.) Primex then sent payment for the calender from Indiana to Italy and took possession of the calender in Italy. (*See* Passoni Decl. ¶¶ 32, 35.)

Even assuming that Defendant's contacts with New Jersey were the result of deliberate targeting, it is not clear that this litigation arises from or relates to those contacts. Plaintiffs' NJPLA claim asserts that Defendant defectively designed the product at issue, and Plaintiffs' NJCFA claim asserts that Defendant did not provide proper warnings for it. (*See* Am. Compl. at First Count and Second Count.) However, Defendant designed, manufactured, and delivered the calender at issue in Italy, and also drafted, printed, and delivered the product's manual (containing warnings and instructions) in Italy. (*See* Passoni Decl. ¶¶ 19, 32–33, 46, 51, 53.) The safety features and warnings at issue in this litigation are the same safety features and warnings that Defendant uses for all of its calenders in the same line; they are not unique to the calender that injured Mr. Guzman in New Jersey. (*See id.* ¶¶ 52, 64, 80–81.) Although one of Defendant's representatives allegedly trained Mr. Guzman in New Jersey, the Amended Complaint does not allege any issues with the training that Mr. Guzman received, and instead bases its claims on alleged design defects and warning defects that existed when Defendant had control of the calender and placed it into the stream of commerce. (*See* Am. Compl. at First Count and Second Count.)[4]

---

[4] Notably, Plaintiffs did not defend their "stream of commerce" theory of personal jurisdiction in their opposition brief.

Even further assuming that Defendant purposefully directed its activities at New Jersey and that this litigation arises out of or relates to at least one of those activities, this Court is not persuaded that the exercise of personal jurisdiction would otherwise comport with fair play and substantial justice. Defendant is a 40-employee company located in Italy that derives negligible revenue from New Jersey and never advertised in New Jersey. (*See* Passoni Decl. ¶¶ 5, 16–17); *Cody v. Tyler Place, Inc.*, Civ. No. 05-2771, 2007 WL 2022086, at *7 (E.D. Pa. July 10, 2007) (holding it unfair to require defendant to litigate in Pennsylvania based on "minuscule advertising" and "the 2.5 to 5 percent of business the defendant receives" in the forum). Defendant also sought to insulate itself from suit in the United States by contractually agreeing with each of its U.S. customers, including Primex, that all disputes would be resolved in the Court of Milan, Italy, under Italian law. (*See* Passoni Decl. ¶¶ 30–31); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) (stating that courts should analyze "whether the defendant's activities manifest an intention to submit to the power of a sovereign" when deciding personal jurisdiction).[5] Plaintiffs rely on *Cruz v. Robinson Eng'g Corp.*, 600 A.2d 1238 (N.J. Super. Ct. App. Div. 1992), to argue that "[i]t does not offend traditional notions of fundamental due process for [a manufacturer] to be answerable in this forum to workers" injured by its machines. (D.E. 34 at 20 (quoting *Cruz*, 600 A.2d at 1243).) That case is distinguishable because the defendant in that matter "custom designed" its machinery for the New Jersey employer and "made possible [the employer's] entire industrial activity in New Jersey." *Cruz*, 600 A.2d at 1243. That is not the case here, as Primex's New Jersey facility had *six* calenders before it acquired *one* from Defendant. (*See* Putnam Dep. at 90:17 – 91:25); *see also Patel v. Karnavati Am., LLC*, 99 A.3d 836, 845 (N.J. Super. Ct. App. Div.

---

[5] Plaintiffs are not bound by Defendant's contract with Primex, but Plaintiffs are able to seek relief against Primex. Notably, Primex is registered to do business in New Jersey and employed Mr. Guzman when he was injured on the job at its New Jersey facility. (*See* Am. Compl. at Preliminary Statement ¶ 1; D.E. 30-1 (status report containing Primex's business registration information on file with the New Jersey Department of the Treasury).)

2014) (distinguishing *Cruz* on the basis that "both parties" to the sale of machinery in *Cruz* "knew the New Jersey employer had no business without the machine").

Accordingly, Plaintiffs have not met their burden to establish sufficient contacts to support a finding of specific jurisdiction. This Court will therefore grant Defendant's motion to dismiss the Amended Complaint for lack of personal jurisdiction.

**B.    Sanctions**

Plaintiffs move this Court to sanction Defendant on the basis that Defendant's "jurisdictional defense [is] grounded in frivolous argument" and "not warranted by any factual or evidentiary support." (D.E. 39 at 7.) As a preliminary procedural matter, "unless counsel serves a copy of the Rule 11 motion on its adversary and waits 21 days from the date of service before filing the motion, the motion must be denied." *Scott v. Bd. of Educ. of City of E. Orange*, Civ. No. 01-4171, 2006 WL 3675278, at *18 (D.N.J. Dec. 12, 2006); *see also Levy v. Jaguar Land Rover N. Am., LLC*, Civ. No. 19-13497, 2020 WL 563637, at *9 (D.N.J. Feb. 4, 2020). Here, Plaintiffs' counsel served a copy of the Rule 11 motion on September 17, 2021, and filed the motion on October 8, 2021, which was the 21st day of the safe harbor period. (*See* D.E. 43-1 (Declaration of Jeffrey Schreiber, Esq.) at Ex. A; D.E. 39.) Instead of waiting for 21 days to pass or waiting to review Defendant's reply in support of its Rule 12(b)(2) motion, Plaintiffs filed a hasty motion asking this Court to sanction Defendant for making a jurisdictional argument that this Court finds persuasive.[6] Plaintiffs' premature Rule 11 motion was a waste of judicial resources and will be denied. Although it would be within this Court's sound discretion to award Defendant the expenses it incurred in responding to Plaintiffs' Rule 11 motion, this Court will decline to do so.

---

[6] Although it goes without saying, even if Plaintiffs' motion were procedurally proper, this Court would still deny it because Defendant's jurisdictional defense is meritorious and not frivolous for the reasons discussed above.

11

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** for lack of personal jurisdiction and Plaintiffs' Motion for Sanctions is **DENIED**.  An appropriate order follows.

                                               /s/ Susan D. Wigenton
                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
               Parties